UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 CR 50009 |
| | ) | |
| DOUGLAS HILL, | ) | Hon. P. Michael Mahoney |
| Defendant. | ) | |

**<u>DEFENDANT DOUGLAS HILL'S MEMORANDUM IN SUPPORT OF
MOTION TO SUPPRESS EVIDENCE</u>**

Now comes Defendant **DOUGLAS HILL**, by and through his attorney **PATRICK E. BOYLE**, and respectfully submits the following Memorandum in Support of Motion to suppress Evidence.

**<u>Background Information</u>**

The Defendant asks the Court to refer to the facts as set forth in the Defendant's Motion to Suppress. In summary, the Defendant was seized and arrested on his property. A search of the Defendant's person recovered a handgun in his coat pocket. The arresting and searching officers had no arrest or search warrant for Defendant Douglas Hill. Prior to the search and seizure of Mr. Hill, the officers had not observed Mr. Hill commit any crime, nor had they determined that he was in fact Douglas Hill. The only possible justification of the search and seizure of Mr. Hill were various allegations made by an anonymous 911 caller. However, prior to the search and seizure of Mr. Hill, the officers' investigation found nothing to corroborate the caller's allegations and nothing to support the caller's veracity. In fact, everything the officers had learned and personally observed, contradicted the caller's claims and called her veracity into

doubt.

**Relevant Law**

The Fourth Amendment to the Constitution protects citizens from unreasonable, warrantless searches and seizures. U.S. Const. Amendment IV. When an officer has a reasonable, articulable suspicion that criminal activity is in progress he may conduct a brief, investigatory stop. Illinois v. Wardlow, 528 U.S. 119, 123 (2000) (citing Terry v. Ohio, 392 U.S. 1, 30 (1968). In determining whether there was reasonable suspicion to warrant a Terry stop, the courts will look to the "totality of the circumstances . . . to see whether the detaining officer has a particularized and objective basis for suspected legal wrongdoing." United States v. Arvizu, 534 U.S. 266, 273 (2002). Of course here, Defendant Douglas Hill submits that his search and seizure went well beyond a Terry stop. His property was surround by many, armed officers. While standing on his own property, he was ordered to drop to the ground. Officers with guns drawn then went on his property and seized him. The search of Mr. Hill was not a frisk, instead it was a full seizure and search that went into the pockets of his coat.

Here, the only possible justification for the warrantless seizure and search of Mr. Hill is the anonymous 911 call. In Florida v. J.L., 529 U.S. 266 (2000) the Supreme Court held that an anonymous tip of a person carrying a gun is not, without more, to sufficient to justify a police officers's stop and frisk of a suspect. Id. at 274. The Supreme Court stated that the indicia of reliability and reasonableness of the search must be measured by what the officers knew before they conducted the search. Id. at 271. The Court explained that anonymous tips are less reliable because, when nothing is known about an informant, authorities cannot assess the informant's reputation or hold the informant responsible if the tip turns out to be fabricated. Id. At 270. The

Court specifically addressed the problem in a case such as the defendant's and rejected a firearm exception to the established reliability analysis: "Such an exception would enable any person seeking to harass another to set in motion an intrusive, embarrassing police search of the targeted person simply by placing an anonymous call falsely reporting the target's unlawful carriage of a gun. Id. At 272.

Here, when applying the reliability standard as set forth in Florida v. J.L., it is clear that the anonymous caller in this case did not provide sufficient credibility to justify the seizure and search of Mr. Hill.  First, everything that the officers personally learned from their investigation called into doubt the caller's veracity and credibility.  She was not found where she claimed to be.  Further, there was no witnesses or physical evidence of a shooting or violent confrontation or chase as she described.  Second, the anonymous caller only described alleged past events, she made no predictive claims that the officers were then able to observe and confirm.  The personal observations of the officers could only cast doubt on the caller's veracity and the officers did not see the suspect commit any crime or make any aggressive actions.  Prior to the seizure and search, the officers did not even identify Mr. Hill as the subject of the anonymous call by asking him to identify himself.  The anonymous caller never identified herself nor gave a contact number.  Finally, she only gave a name for the alleged offender, she gave no description such as clothing which would allow the officers to confirm that an individual might be the suspect or even confirm that the caller had seen the suspect recently.

Consequently, the Defendant Douglas Hill respectfully asks this Court to apply the facts of his case to the relevant law, specifically the Supreme Court's holding in Florida v. J.L., and grant his Motion to Suppress.  Accordingly, the firearm seized in this case must suppressed.

Furthermore, any post-arrest statements made by Mr. Hill must also be suppressed as fruit of the poisonous tree.  See, <u>Wong Sun v. United States</u>, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 441 (1963).

        Respectfully submitted,

        **DOUGLAS HILL**

By:   <u>s/ Patrick E. Boyle</u>
      By his attorney Patrick E. Boyle

Law Offices of Patrick E. Boyle
**PATRICK E. BOYLE**
155 N. Michigan Ave., Suite 562
Chicago, IL 60601
(312) 565-2888

**CERTIFICATE OF SERVICE**

      The undersigned Attorney certifies that the following Motion to Continue Sentencing was served on **Thursday, June 12, 2008**, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

      By:   s/ Patrick E. Boyle
            PATRICK E. BOYLE

Law Offices of Patrick E. Boyle
**PATRICK E. BOYLE**
155 N. Michigan Ave., Suite 562
Chicago, IL 60601
(312) 565-2888