UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 08 CR 50009 |
| | ) | Judge Frederick J. Kapala |
| DOUGLAS HILL | ) | |

**UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO SUPPRESS EVIDENCE**

THE UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, responds to defendant's motion to suppress evidence as follows:

**STATEMENT OF FACTS**

On January 12, 2008, a woman who identified herself as the girlfriend of Doug Hill, called the Winnebago County 911 center from a cellular telephone and said that she had been with her boyfriend at 4201 Kennett Avenue, Rockford, Illinois when he "flipped out" and pulled out a gun. According to the caller, Hill then chased her down the street while firing his handgun at her. The caller identified her boyfriend as Doug Hill, and said she was hiding from him behind a nearby Family Dollar store. The caller described Hill as a thirty-nine-year-old black male and said that he probably had returned to the Kennett Avenue residence.

Several Winnebago County Sheriff's Deputies responded to 4201 Kennett Avenue to check on the welfare of the occupants of that residence. Upon their arrival, two pairs of officers walked along the side of the house and approached the front door. One officer saw

1

the shadow of a man, later identified as defendant, looking out a front window. Approximately 30 seconds later, defendant opened the back door of the residence and let two pit bulls run into the back yard while saying "let's get the boys." Defendant returned inside the residence and closed the back door. A few seconds later, the overhead door for the garage opened and defendant walked onto the driveway. Two Sheriff's deputies approached and ordered him to the ground at gunpoint. Before complying with this command, defendant reached into a coat pocket with one of his hands. The deputies then handcuffed and frisked Hill for weapons. They found a fully loaded, Smith & Wesson, model 457, .357 caliber handgun with serial number VJN8434 inside his right front coat pocket. Defendant was then placed under arrest and driven to the Winnebago County Justice Center. In the meantime, other officers searched the residence and determined that no one else was inside the house.

## ARGUMENT

Defendant claims that the police were not justified in stopping and frisking him based on the information his girlfriend reported to the 911 Center. The government disagrees with defendant's characterization of the caller as "anonymous" and asserts that the information communicated to the police justified their actions.

In *Terry v. Ohio*, 392 U.S. 1, 20 (1965), the Supreme Court held that police may conduct a limited pat down for weapons based on reasonable, articulable suspicion that the individual is armed. Moreover, police officers do no convert a *Terry* stop into a full custodial arrest by drawing their weapons or handcuffing him. See *United States v. Askew*, 403 F.3d

496, 508 (7th Cir. 2005); *United States v. Brown*, 366 F.3d 456, 461 (7th Cir. 2004); *United States v. Stewart*, 388 F.3d 1079, 1084 (7th Cir. 2004); *United States v. Tilmon*, 19 F.3d 1221, 1228 (7th Cir. 1994).

In *United States v. Wooden*, 2007 WL 4224232 (N.D. Ind. 2007), the South Bend police received a 911 call from an anonymous caller who saw an argument between an armed man and his female companion. The caller said that the pair had entered a certain convenience store. *Id.* The caller described the gunman as a black male dressed in a black jacket and blue jeans. *Id.* Police responded to the call and spotted a man and woman matching the description of the individuals described in the 911 call. *Id.* They were walking a block away from the convenience store. *Id.* An officer stopped the couple at gunpoint and located a loaded handgun in a holster on the left side of the man's waist. *Id.* The District Court denied defendant's motion to suppress and said:

> Where, as here, a 911 call reports an immediate threat to public safety and provides sufficient details to enable officers to identify the suspects, the court may 'presume the reliability' of an eyewitness 911 call for purposes of establishing reasonable suspicion for the police to make a proper stop. 'Requiring further indicia of reliability would only jeopardize the usefulness of the 911 system and the ability of the officers to prevent further danger to the public.

*Id.* at 3, *citing*, *United States v. Drake*, 456 F.3d 771, 775 (7th Cir. 2006). Therefore, based on the totality of the circumstances, the police acted lawfully in stopping and frisking defendant.

In *United States v. Shoals*, 478 F.3d 850 (7th Cir. 2007), at approximately 1:00 a.m. a caller (whose identity was known to the police) called 911 and reported that a gunshot was

fired in the 3900 block of Fairfield Avenue in Fort Wayne, Indiana. The caller described the gunman as a black male in a dark jacket and hat. *Id*. at 851. The caller added that the gunman fired a long gun and ran into either the house or garage at 3927 Fairfield Avenue. Officers responded to that address and spoke to a man and woman at the front door of this address. *Id*. During this conversation, police spotted defendant inside the house peering "around the corner" of a kitchen wall. *Id*. The officers ordered him to come out onto the porch and immediately handcuffed and frisked him. *Id*. They located six shotgun shells and a set of car keys inside defendant's pocket. *Id*. The keys were for a car parked at that address. The officers searched the trunk of this car and recovered a shotgun. *Id*. The district court denied defendant's motion to suppress. *Id*. On appeal, defendant argued that the officers arrested him without probable cause by ordering him to exit the house, drawing their guns and handcuffing him. *Id*. at 852. The court disagreed and said:

> The tactics used here were warranted given the inherent danger of the encounter: the officers were responding late at night to a 911 report of gunfire when they encountered Shoals, who matched the description of the subject, was wearing a coat even though he was indoors, and gun back and hid out in the kitchen until he was ordered outside.

*Id*.

In *United States v. Drake*, 456 F.3d 771 (7th Cir. 2006), Fort Wayne Police received a 911 call from a woman who identified herself by name. The caller reported a disturbance between two armed groups in separate cars. *Id*. at 772. Two minutes later, detectives stopped a car that matched one of the descriptions given by the 911 caller. During the traffic stop,

4

officers recovered a handgun from the floorboard beneath the feet of the driver of the car. *Id*. On appeal, the Seventh Circuit held that the police lawfully stopped and searched this vehicle. In reaching this conclusion, the court distinguished *Florida v. J.L.* because in this case the caller identified herself by name and provided reasonable suspicion of an emergency. *Id*. The court "presumed the reliability" of the 911 caller because she identified herself, reported an immediate threat to public safety and provided sufficient detail to allow the officers to identify the suspects. *Id*. at 773. The court reasoned that requiring further indicia of reliability would only jeopardize the usefulness of the 911 system and interfere with the officers' ability to prevent further danger to the public. *Id.*

In the instant case, the officers acted lawfully in stopping and frisking the defendant for weapons based on his girlfriend's 911 call. The 911 caller was presumptively reliable because she provided sufficient identifying information about herself, called the police to respond to a life threatening emergency and provided police with sufficient detail to identify and apprehend her attacker.

Contrary to defendant's characterization, the 911 caller was not "anonymous." She identified herself as defendant's "girlfriend." By describing herself in this manner, the caller was able to explain how she knew defendant's name and address and why the defendant was firing a handgun at her. In addition, she provided the police with enough identifying information about herself to allow them to eventually learn her name and conduct a follow up interview with her.

Here, unlike the nature of the call in *Florida v. J.L.*, the 911 call in this case reported a life threatening emergency. Defendant was chasing his girlfriend and firing a handgun at her. This situation required the police to take immediate action to locate defendant and prevent him from firing his handgun. As the court made clear in *Drake*, requiring the police to obtain additional indicia of the caller's reliability would interfere with the usefulness of the 911 system and the ability of the officers to prevent further danger to the public.

Like the 911 callers in *Wooden*, *Shoals*, and *Drake*, defendant's girlfriend provided the police with detailed information that enabled the police to identify and apprehend her attacker. She told police the defendant's name was Doug Hill and described him as a 39-year-old black male. She also told the police that he lived at 4201 Kennett Avenue and suggested that the police would probably find defendant at this address. Under these circumstances, the police were lawfully entitled to rely on the information provided by the 911 caller to stop and frisk the defendant for weapons.

Even though the Winnebago County Sheriff's Police were forced to respond immediately to a life threatening emergency, they corroborated important details of defendant's girlfriend's 911 call. They confirmed that the structure located at 4201 Kennett Avenue was a private residence and was occupied by a black male at the time of their arrival. When defendant released two pit bull dogs and ordered them to attack, the officers confirmed that the occupant of the residence was aggressive and in a hostile state of mind. In addition, by taking this action, defendant substantially hindered the ability of the police

to corroborate more information from the 911 call. All of the information available to the police indicated that they were dealing with an armed man who had shot at his girlfriend and was now attempting to avoid arrest. He gave the police no choice but to take quick, decisive action in stopping and frisking him for weapons. Therefore, police properly relied on the 911 call and stopped and frisked defendant based on a reasonable and articulable suspicion that he was armed.

## CONCLUSION

For the reasons stated above, the United States respectfully requests that this court deny defendant's motion to suppress.

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney

BY: \S _____
    MARK T. KARNER
    Assistant United States Attorney
    308 West State Street - Suite 300
    Rockford, Illinois 61101
    (815) 987-4444

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I, MARK T. KARNER, certify that on June 20, 2008, I caused the foregoing pleading: (1) to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Western Division; (2) copy of thereof hand delivered to the court and (2) copies thereof to be mailed to:

>Patrick E. Boyle, Esq.
>155 North Michigan Avenue, Suite 562
>Chicago, IL 60601

\S
MARK T. KARNER
Assistant United States Attorney
308 West State Street - Room 300
Rockford, Illinois 61101
815-987-4444